ANDERSON & AUSTIN *v.* THE STATE.

CRIMINAL LAW. *Assault and battery Fraudulent devise to get possession of property. May be resisted How.* It is a good defense to an indictment for assault and battery to show that the offense was committed by defendant in an attempt to recover money fraudulently gotten from him by the prosecutor, to be applied on an execution in the hands of the prosecutor at the time.

No record to be found.

TURNEY, J., delivered the opinion of the court.

The court charged the jury, "that if he (Wright) deceived him (Anderson), or even told Anderson a falsehood, and by that means got possession of the money, Anderson would not have the right to take hold of him to force him to return the money, and if he did take hold of him to force him to return the money, it would be a battery; and, also, if he got possession in that way, that is, by fraudulent misrepresentations, that Wright would have the right to keep it, and apply it to the execution in his hands against Anderson."

This was error; first, because Anderson did not voluntarily part with his possession, and discovering that Wright proposed to appropriate it against his consent, and without having notified him of such purpose before receiving the money, he stands in no better attitude than if he had gotten the money by robbery or theft, so far as the rights of Anderson to defend his possession are involved.

Anderson & Austin *v.* The State.

If a man meets another in the highway, and by false and fraudulent misrepresentation induced that other to surrender to him the possession of his horse and carriage, and when he has so obtained possession, shows a different purpose, by word or act, to appropriate it to his own use, and to escape with it, surely it will not be held the person so deprived of property is compelled to stand with folded arms and see the fellow so escape beyond the reach of the law, or the hope of a restitution of his property, or be guilty of a violation of law in attempting to recover possession. On the contrary, every man has a right to defend his property, and his possession thereof, and to use such force as will secure to him its full enjoyment. If he use the necessary force to eject the intruder from his house or premises, upon the same principle he may use like force to recover a chattel attempted to be converted by a dissembler or fellon.

In the second place the charge is erroneous because the proof shows that at the time Wright attempted to, and did keep the five dollar bill, that only one dollar and a half belonged to Anderson. Anderson was simply bailee of the remainder, and delivered the whole to be changed, that his part of it might be applied by Wright to payment of the execution for taxes.

Reverse the judgment.